142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard ASINOFF, individually and as a representative of a
class of individuals, Plaintiff-Appellant,
v.
National College of Naturopathic Medicine; Naturopathic
Medical Council, Defendants-Appellees.
 No. 97-35772.
D.C. No. CV-97-00062-ALH.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998[2].
Decided April 28, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 MEMORANDUM[1]
 Howard Asinoff appeals pro se the district court's dismissal for failure to state a claim of his diversity action against the National College of Naturopathic Medicine and the Council on Naturopathic Medical Education. We vacate and remand.
 Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. The district court lacked diversity jurisdiction because, according to the allegations in Asinoff's complaint, both he and National College are citizens of Oregon. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). We therefore vacate the district court's judgment and remand with instructions to dismiss this action for lack of jurisdiction.
 VACATED AND REMANDED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3